UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS-ALEXANDRE NOEL ALBERT DALBIS,<br><br>                              Plaintiff,<br><br>-against-<br><br>PUBLIC EMPLOYEES OF SECURITY AND INTELLIGENCE SERVICES OF FRANCE AND EUROPE; NATIONAL GENDARMERIE; LAURANT MAUVE-CECILE,<br><br>                              Defendants. | 24-CV-2527 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently a resident of Brooklyn, Kings County, New York,[1] brings this *pro se* action under the Torture Victim Protection Act ("TVPA"), alleging that Defendants violated his rights in France and, possibly, at an unspecified location in the United States. The Court also understands the complaint to be asserting claims under the Alien Tort Statute. Named as Defendants are "Public Employees of Security and Intelligence Services of France and Europe," the National Gendarmerie of France, and Laurant Mauve-Cecile. Plaintiff alleges that all Defendants resides in France. For the following reasons, this action is transferred to the United States District Court for the District of Columbia.

## DISCUSSION

The Court construes the complaint as asserting claims under the TVPA and Alien Tort Statute. Under the Alien Tort Statute, "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of

---

[1] Brooklyn is in the Eastern District of New York. *See* 28 U.S.C. § 112(c).

the United States." 28 U.S.C. § 1350. Congress created an express cause of action for Alien Tort Statute violations by passing the TVPA, *Jesner v. Arab Bank, PLC*, 584 U.S. 241, 265-66 (2018), that is, it "creat[ed] an express cause of action for victims of torture and extrajudicial killing in violation of international law," *id.* at 242. The torture or extrajudicial killing must be committed "under actual or apparent authority, or color of law, of any foreign nation." 28 U.S.C. § 1350 note § (2)(a).

The Alien Tort Statute, also known as the Alien Tort Claims Act, and the TVPA do not contain their own venue provisions. *See Shaoulian-Tehrani v. Khatami*, No. 06-CV-6868 (DC), 2008 WL 1790386, at *4 (S.D.N.Y. Apr. 21, 2008). Under the general venue statute, 28 U.S.C. § 1391, a civil action against a foreign state may be brought:

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; . . . (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in [28 U.S.C. § 1603(b)]; or (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

28 U.S.C. § 1391(f). Otherwise, under § 1391, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2). But "a defendant not resident in the United States may be sued in any judicial

district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." Section 1391(c)(3).

Plaintiff sues (1) "Public Employees of Security and Intelligence Services of France and Europe"; (2) France's National Gendarmerie, which the Court understands to be a French military force with law enforcement duties; and (3) Laurant Mauve-Cecile, an individual. Plaintiff alleges that all Defendants reside in France. While Plaintiff's complaint is difficult to understand, he clearly alleges that a substantial amount of the events giving rise to his claims occurred in France. Although some events may have occurred after Plaintiff relocated to the United States, Plaintiff does not reside in this District, and he alleges no facts suggesting that any of the events giving rise to his claims occurred in this District.[2]

Because Plaintiff's claims against the French National Gendarmerie arise from events that allegedly occurred in France, the only proper venue for those claims is the United States District Court for the District of Columbia.[3] *See* 28 U.S.C. § 1391(f)(4). Plaintiff's claims against persons residing in France can be brought in any federal district court. *See* § 1391(c)(3). Thus, the United States District Court for the District of Columbia is the only venue in which Plaintiff's Alien Tort Statute/TVPA claims – his claims against the National Gendarmerie and individuals residing in France – can be considered.

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

[3] This Court declines to address whether Plaintiff's Alien Tort Statute/TVPA claims against the National Gendarmerie must be dismissed under the Foreign Sovereign Immunities Act ("FSIA").

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer of this action appears to be appropriate. Plaintiff's claims appear to arise from acts carried out by the French National Gendarmerie, and acts carried out by individuals, including French government officials, in France and, possibly, in unspecified locations in the United States. Because the United States District Court for the District of Columbia is the only venue in which Plaintiff can assert his Alien Tort Statute/TVPA claims against the National Gendarmerie and the individual defendants, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Columbia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 7, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge